IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Traction Corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AdTheorent, Inc.,<br><br>　　　　　　　　　　Defendant. | CIVIL ACTION NO.  3:14-cv-1801 |

## COMPLAINT

This is an action for, *inter alia*: common law, state, and federal trademark infringement and common law, state and federal unfair competition.

## PARTIES

1.　　Plaintiff, Traction Corporation, ("Plaintiff") is a corporation organized and existing under the laws of the state of California, having its principal place of business at 1349 Larkin Street, San Francisco, CA 94109.

2.　　Upon information and belief, Defendant, AdTheorent, Inc. ("Defendant") is a corporation organized under the laws of Delaware, having its principal place of business at 155 Avenue of the Americas, 6th Floor, New York, NY 10013.

## JURISDICTION AND VENUE

3.　　This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and under principles of state statutory and common law.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), 1338(a) (trademarks), and 1338(b) (unfair competition).

5. The amount is controversy is greater than $75,000. Upon information and belief, there is diversity of citizenship between and among the Plaintiff and the Defendant.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c) because it is the judicial district where plaintiff maintains its principal place of business and in addition, it is a district in which the defendant is subject to personal jurisdiction.

7. Upon information and belief, Defendant is a company that conducts business throughout the United States and has specifically conducted business within the State of California, and within this District, and is subject to the jurisdiction of this Court under California's long arm statute. Alternatively, Defendant has committed, directed, authorized, endorsed and /or approved of actions of trademark infringement and caused injury to Plaintiff in this District, and is subject to jurisdiction of this Court under California's long arm statute, Cal. Code Civ. Proc. § 410.10.

8. This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with Plaintiff's federal claims and arise from a common nucleus of operative facts such that the administration of Plaintiff's state law claims with its federal claims furthers the interest of judicial economy.

**BACKGROUND**

9. Plaintiff is a nationally recognized advertising services agency, founded in 2001, and which provides specialized brand consultancy services for the digital space including internet and mobile device advertising and marketing.

10. Plaintiff's services are promoted throughout the United States, including in this District.

11. Plaintiff's national renown for its services includes a long list of top awards and industry recognition including: *Advertising Age - Small Agency of the Year: West Region/Silver*, 2013; *BtoB Magazine - Top Interactive Agency - Winner*, March 2013; San Francisco Business Times - *Fastest Growing Companies in the Bay Area*, October 2013; *Agency Post - 2013 Agency 100*, August 2013; *iMedia Small Agency of the Year - Finalist*, September 2013; *Digiday Best Brand Campaign, B2B - Winner*, June 2013 and November 2013; *Focus.com - 5 Agencies Built for Technology Marketing*, 2012; *The Next Web - 10 small agencies that define 'Digital Spring' in San Francisco*, March 2012; *BtoB Magazine - Top Interactive Agency of the Year - Runner-up*, March 2011; *iMediaConnection - 5 agency blogs you should be reading*, January 2011; *BtoB Magazine - Top Interactive Agency of the Year - Runner-up*, March 2010; *Inc. 5000 - Ranked #1217*, September 2012; *BtoB Magazine - Interactive Agency of the Year - Winner*, April 2009; *Inc. 5000 - Ranked #1,399*, September 2009; San Francisco Business Times - *Fastest Growing Companies in the Bay Area, #51*, December 2009; *iMediaConnection - Social Media Agency To Watch*, August 2009; *Adobe Systems - featured in documentary series Designing Minds*, June 2008; and *BtoB Magazine- Who's Who* for four years running including 2009, 2010, 2011 and 2012. Plaintiff also receives regular mention in *B2B*, *AdAge*, *Entrepreneur* and *Forbes* magazines. Plaintiff's extensive portfolio of household brand clients includes: Apple Computer,

Intel, SAP, Shutterfly, Adobe, Bank of America, Intuit, Kelly-Moore Paints, Livescribe, Salesforce.com, Wal-Mart Stores, CamelBak, and ZoneAlarm.

12.     As a leader in the digital branding consultancy market, Plaintiff's team of experts regularly contribute to nationally-known publications like *Entrepreneur* magazine, *Huffington Post*, *Forbes*, and *AdAge*.

13.     As a result of Plaintiff's national prominence and longstanding, substantial and continuous use of the Traction marks, Plaintiff's marks are immediately recognized in the industry and by the relevant consuming public.

### Plaintiff's TRACTION Trademarks

14.     Plaintiff is the owner of U.S. Federal Registration No. 4,236,011[1] for the mark TRACTION for "website development for others in connection with specialized advertising and marketing services via multi-media enabled electronic based digital space platforms, and consulting services in connection therewith" (IC 42); U.S. Ser. No. 85/898,132 for TRACTION in connection with "advertising and marketing" (IC 35); and U.S. Ser. No. 85/899,464 for TRACTION in connection with graphic design (IC 42) (collectively, the "Plaintiff's Traction Marks"). True and correct copies of the associated USPTO records are attached hereto as <u>Exhibit A</u>.

15.     Plaintiff has continuously used the Marks in association with its services since its foundation over 13 years ago.

---

[1] Defendant AdTheorent alleges in USPTO TTAB Opposition (Opp. No. ) that Plaintiff's registration was obtained fraudulently based on Traction's false and material misrepresentations to the USPTO. Plaintiff strongly disagrees with Defendant's allegation. Further, Plaintiff submits that in the unlikely event that Defendant were to prevail on such claims and the result required that the registration invalidated, Plaintiff would still have national and longstanding common law rights in the Traction marks that are the subject of ongoing infringement by AdTheorent.

16. The Marks are inherently distinctive as applied to Plaintiff's services. The Examiner at the U.S. Trademark Office did not request a disclaimer or proof of acquired distinctiveness for any of the Plaintiff's Traction Marks.

17. Plaintiff has engaged in extensive marketing and promotion of the services offered under the Plaintiff's Traction Marks and has established a reputation as an industry leader and therefore acquired substantial goodwill and recognition associated with the Plaintiff's Traction Marks.

18. Plaintiff's revenues over the last 5 years under Plaintiff's Traction Marks include $3,461,586 in 2009, $3,526,674 in 2010, $4,695,409 in 2011, $5,689,998 in 2012, and $6,940,954 in 2013 with projected revenues of $6,131,195 in 2014.

19. Long prior to AdTheorent's adoption of the confusingly similar Traktion Mark in July 2012, the relevant consuming public had come to associate Plaintiff with Plaintiff's Traction Marks.

20. The facts and assertions made with regard to Plaintiff's background and use of the Plaintiff's Traction Marks are evidenced by the Declaration of Adam Kleinberg attached hereto as <u>Exhibit B</u>.

**DEFENDANT'S INFRINGEMENT OF THE TRACTION MARK**

21. Plaintiff has not authorized Defendant to use the Plaintiff's Traction Marks or any derivative thereof.

22. Defendant filed a federal trademark application (U.S. Ser. No. 85/825,727) for the mark TRAKTION in January 2013 in connection with "advertisement via mobile phone networks; advertising and marketing services, namely, promoting the goods and services of others; advertising and promotional services; advertising, promotion, and marketing services in

the nature of placing advertisements for others via wireless networks for display on mobile devices; dissemination of advertising for others via public and private wireless networks for display on mobile devices" (IC 35)("Defendant's Traktion Mark"). True and correct copies of the associated USPTO records and examples of use of Defendant's Traktion Mark are attached hereto as <u>Exhibit C</u>.

23. On information and belief, the date of first of Defendant's Traktion Mark is July 2012.

24. Plaintiff's Traction Mark and Defendant's Traktion Mark are identical phonetically and in meaning; the marks are also virtually identical visually, the only difference being the use of a "k" in Defendant's Traktion Mark instead of the "c" found in Plaintiff's Traction Mark.

25. On information and belief, there is a likelihood of confusion between Plaintiff's Traction Mark and Defendant's Traktion Mark based on the strength of the mark, the proximity of the goods, the similarity of the marks, the marketing channels used (i.e., the simultaneous use of the web as a marketing channel), the type of goods and the degree of care likely to be exercised by the purchaser, the defendant's intent in selecting the mark; and the likelihood of expansion of the product lines.

26. Upon information and belief, the acts of Defendant complained of herein were done with actual and constructive knowledge of Plaintiff's trademark rights in Plaintiff's Traction Marks.

## **COUNT I**

## **FEDERAL AND COMMON LAW TRADEMARK INFRINGEMENT**

27. Plaintiff realleges and incorporates each and every allegation contained in the paragraphs 1-26 above as if fully stated herein.

28. Plaintiff has continuously used Plaintiff's federally registered Traction Mark in interstate commerce in connection with its services since at least as early as 2001.

29. Defendant had constructive knowledge of Plaintiff's ownership and rights in Plaintiff's Traction Mark, which is federally registered and was then federally registered, prior to Defendant's adoption and use of Defendant's Traktion Mark.

30. Defendant had actual knowledge of Plaintiff's ownership and rights in Plaintiff's Traction Mark, which is federally registered and was then federally registered, prior to Defendant's adoption and use of Defendant's Traktion Mark.

31. Defendant adopted and continues to use in commerce Defendant's Traktion Mark with full knowledge of Plaintiff's Traction Marks and with full knowledge that such use is likely to cause confusion, mistake and/or deception.

32. Defendant offers its services under the infringing mark in the same channels of trade as those in which Plaintiff legitimate services are offered.

33. Defendant's infringing use of Defendant's Traktion mark is likely to cause consumer confusion, mistake or deception as to the affiliation, connection or association of the source of Defendant's services with those of Plaintiff, in violation of 15 USC § 1114 and the common law.

34. Defendant's actions constitute knowing, deliberate, and willful infringement of Plaintiff's Traction Marks. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

35. By virtue of these acts, Plaintiff has suffered and will continue to suffer, damages and irreparable harm unless Defendant is preliminarily and permanently enjoined from using Defendant's Traktion Mark.

36. Plaintiff is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendant's acts of trademark infringement.

37. Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of trademark infringement.

## COUNT II

## FEDERAL AND COMMON LAW UNFAIR COMPETION AND FALSE DESIGNATION OF ORIGIN

38. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1-37 above as if fully stated herein.

39. Defendant adopted Defendant's Traktion Mark and continues to market its services using Defendant's Traktion Mark, which is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendant and its services with Plaintiff and its services, in violation of 15 U.S.C. §1125(a)(1)(a) and the common law.

40. Defendant knowingly and willfully used Defendant's Traktion Mark for its services, despite actual and constructive knowledge that Plaintiff owns and thereby controls the lawful use of that name and mark in Plaintiff's field of goods and services. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

41. Defendant's unauthorized use of Defendant's Traktion Mark constitutes use in commerce of a word, term, name, symbol, or device or combination thereof, constituting false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion mistake, or deception as to affiliation, connection or association of Defendant, and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff of Defendant's use of Defendant's Traktion Mark.

42. Defendant's unauthorized and tortious conduct has deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its products and services offered under Plaintiff's Traction Marks, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendant.

43. By virtue of these acts, Plaintiff has suffered and will continue to suffer, damages and irreparable harm unless Defendant is preliminarily and permanently enjoined from using Defendant's Traktion Mark.

44. Plaintiff is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendant's acts of unfair competition and false designation of origin.

45.     Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of unfair competition and false designation of origin.

## COUNT III

## CALIFORNIA TRADEMARK INFRINGEMENT

46.     Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs 1-45 above as if fully stated herein.

47.     Plaintiff has developed substantial California common law rights in and to Plaintiff's Traction Marks.

48.     By its acts, Defendant has infringed Plaintiff's Traction Marks by using confusingly similar marks in commerce in the State of California in a manner that is likely to cause confusion as to Plaintiff's association, affiliation, sponsorship, and/or endorsement of Defendant and its services and/or products.

49.     As a direct and proximate result of Defendant's California state common law infringement, Plaintiff is likely to suffer, and/or has suffered, and will continue to suffer loss of income, profits, and goodwill, and Defendant has and will continue to be unjustly enriched by acquiring income, profits, and goodwill to which it is not entitled.

50.     By virtue of these acts, Plaintiff has suffered and will continue to suffer, damages and irreparable harm unless Defendant is preliminarily and permanently enjoined from using Defendant's Traktion Mark.

51. Defendant committed its wrongful acts willfully after actual and constructive notice of Plaintiff's rights. Defendant's conduct therefore justifies an award of exemplary damages.

### COUNT IV

### CALIFORNIA UNFAIR COMPETIION

52. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs 1-51 above as if fully stated herein.

53. Cal. Bus. & Prof. Code § 17200, *et seq.*, states that unfair competition shall mean and include any "unlawful, unfair or fraudulent business act or practice."

54. Defendant's actions as alleged herein constitute unlawful business acts and/or practices under Cal. Bus. & Prof. Code § 17200, *et seq.* and the common law.

55. Defendant's conduct constitutes unfair business acts and/or practices because Defendant has unfairly used and infringed Plaintiff's Traction Marks while engaging in a business practice.

56. Defendant's conduct constitutes fraudulent business acts and practices as Defendant has deceptively and unfairly marketed, advertised, sold, and/or distributed services and/or products using marks that are confusingly similar to Plaintiff's Traction Marks.

57. As a direct and proximate result of Defendant's wrongful acts, Plaintiff is likely to suffer, and/or has suffered, and is likely to continue to suffer damage to its business reputation and goodwill. By virtue of these acts, Plaintiff has suffered and will continue to suffer, damages and irreparable harm unless Defendant is preliminarily and permanently enjoined from using Defendant's Traktion Mark.

58. Plaintiff is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendant's acts of unfair competition.

59. Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of unfair competition.

60. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of exemplary damages.

61. Upon proof, Plaintiff is entitled to recover its costs, including attorneys' fees, under Cal. Code of Civ. Proc. 1021.5.

## COUNT V

## INJURY TO BUSINESS REPUTATION AND DILUTION

62. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs 1- 61 above as if fully stated herein.

63. The use by Defendant of Defendant's Traktion Mark in the State of California: (a) dilutes or is likely to dilute the distinctive quality of Plaintiff's Traction Marks; (b) reduces or is likely to reduce the value of Plaintiff's goodwill and business reputation; and (c) destroys or is likely to destroy the exclusive association by the public of Plaintiff's Traction Marks. Defendant's wrongful acts constitute injury to business reputation and dilution of the distinctive quality of Plaintiff's Traction Marks within the meaning of Cal. Bus. & Prof. Code § 14330.

64. Plaintiff alleges that Defendant's use of Defendant's Traktion Mark creates a likelihood of injury to Plaintiff's business reputation because persons encountering Plaintiff's goods and services will believe that Plaintiff is affiliated with or related to the goods or services of Defendant, and any adverse reaction by the public to Defendant and the quality of its products and the nature of its business will injure the business reputation of Plaintiff and the goodwill that it enjoys in connection with Plaintiff's Traction Marks.

65. As a direct and proximate result of Defendant's wrongful acts, Plaintiff is likely to suffer, and/or has suffered, and is likely to continue to suffer, dilution of Plaintiff's Traction Marks and damage to its business reputation and goodwill in an amount subject to proof. By virtue of these acts, Plaintiff has suffered and will continue to suffer, damages and irreparable harm unless Defendant is preliminarily and permanently enjoined from using Defendant's Traktion Mark.

**PRAYER FOR RELIEF**

WHEREFORE, Traction respectfully requests the following relief:

66. The Defendant be found by this Court to be infringing Plaintiff's Traction Marks;

67. The Defendant be found to have engaged in false designation of origin and unfair competition;

68. The Defendant be found to have caused injury to Plaintiff's business reputation and dilution of Plaintiff's Traction Marks;

69. The Defendant's acts of trademark infringement, false designation of origin, and common law unfair competition be found to be willful and intentional;

70. For preliminary and permanent injunctive relief barring Defendant and its agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons in active

concert, privity or participation with it, from doing, abiding, causing or abetting any direct or indirect use of Plaintiff's Traction Marks, or any confusingly similar trademarks, in any way which infringes upon Plaintiff's rights or competes unfairly with Plaintiff;

71. For destruction of infringing articles in Defendant's possession under 15 U.S.C. § 1118;

72. For damages to be proven at trial for trademark infringement;

73. For damages to be proven at trial for common law unfair competition and false designation of origin;

74. For damages to be proven at trial for injury to business reputation and dilution;

75. For damages, including treble damages, in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114;

76. For all costs of suit and attorneys' fees; and

77. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR A JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action.

Traction Corporation

By: /s/ Kenneth A. Murray, Jr.
Counsel for Traction Corporation
Kenneth Murray (CSB # 194785)
Kenneth A. Murray, Jr.
132 E Street, Suite 310
Davis, CA  95616
ken@murraytechlaw.com
